(January 26, 1993)

◼ In the Matter of MARIA P. TUCKER, Respondent, v BOARD OF EDUCATION, COMMUNITY SCHOOL DISTRICT No. 10 et al., Appellants.—Order and judgment (one paper), Supreme Court, Bronx County (Herbert Shapiro, J.), entered August 12, 1991, which, in a proceeding pursuant to CPLR article 78, granted petitioner's application seeking 52 days back pay upon the ground that respondents failed to give her 60 days notice of denial of tenure, as required by Education Law § 2573 (1) (a), affirmed, without costs.

Although the misconduct that ultimately led to petitioner's

dismissal occurred only 22 days before her probationary period was due to expire, and respondents were expeditious in giving her notice of denial of tenure, petitioner was entitled to the relief sought. Unfortunately, the statute permits no exception to its 60-day notice requirement (see, Matter of Lehman v Board of Educ., 82 AD2d 832, 834). Concur—Murphy, P. J., Wallach, Ross and Rubin, JJ.

Asch, J., dissents in a memorandum as follows: Less than a month before the expiration of her three year probationary period, on June 15, 1990, petitioner-teacher engaged in outrageous behavior in the classroom, cutting the hair of students and using a racial epithet. On June 1, 1990, petitioner was informed that her services were to be terminated as of June 14, 1990. In this CPLR article 78 proceeding, the IAS Court found that the respondents-appellants (Board) had failed to give petitioner the 60 day notice of denial of tenure required by Education Law § 2573 (1) (a), and ordered the Board to give petitioner additional pay for the number of days out of 60 that the notice was not furnished. This award of 52 days back pay has now been affirmed by this Court. I disagree and therefore dissent.

Education Law § 2573 (1) (a) reads in pertinent part: "Each person who is not to be recommended for appointment on tenure shall be so notified by the superintendent of schools in writing not later than sixty days immediately preceding the expiration of his probationary period." While the majority of this panel finds that the statute "permits no exception", the above language, if strictly construed, would forbid the denial of tenure within the 60 day period immediately preceding the expiration of the probationary period.

I agree with the Board that the statute envisions the usual case of a teacher who has been teaching for the three year probationary period and, of course, has been periodically evaluated during that time. With respect to this ordinary and usual situation, penalizing the respondent Board by awarding additional pay for negligent or intentional failure to provide timely notice, is appropriate and just. The situation herein, however, is atypical. The petitioner did not engage in the acts of misconduct which resulted in her termination until 22 days before the expiration of her probationary period, thereby making it impossible for the Board to give timely notice pursuant to the statute. Since the notice which was given was provided at the earliest possible opportunity, the award of additional pay is an unfair penalty for both the Board which did not act willfully or negligently, and for the taxpayers.